UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED RAHMAN, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>GATE GOURMET, INC., et al.,<br><br>       Defendants. | Case No. 20-cv-03047-WHO<br><br>**ORDER GRANTING FINAL APPROVAL AND MOTION FOR ATTORNEY FEES AND COSTS**<br><br>Re: Dkt. Nos. 73, 75 |

The unopposed Motion for Motion for Class Action and PAGA Settlement and Administration Costs, filed by Plaintiffs Mohammed Rahman (deceased), Alicia Noemi Bautista Diaz, and Pascal Moore ("Plaintiffs"), came on for hearing on February 22, 2023, at 2:00 p.m., in Courtroom 2, 17th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, of the above captioned court, the Honorable William H. Orrick presiding.

Having reviewed the papers and documents presented, having heard the statements of counsel, having considered the matter, and good cause appearing, the Court HEREBY ORDERS as follows:

**IT IS HEREBY ADJUDGED AND DECREED THAT**:

1.      This Judgment incorporates by reference the definitions in the Class Action and Private Attorneys General Act Settlement Agreement and Release (the "Settlement Agreement" or the "Settlement," attached as Exhibit 1 to the Declaration of Hallie Von Rock in Support of Plaintiffs' Motion for Preliminary Approval of Class Action and PAGA Representative Settlement (ECF 66-1)) and all capitalized terms used herein shall have the same meanings as set forth in the Settlement unless set forth differently herein. The terms of Settlement are fully incorporated in this Judgment as if set forth fully here.

2.      The Court has jurisdiction over the subject matter of this action and all Parties to

1   the action, including all Class Members and Aggrieved Employees.

2         3.     Class Members and Aggrieved Employees means all individuals employed at any
3   Gate Gourmet facility in California as a non-exempt employee at any time from May 4, 2016
4   through October 3, 2022 (the date of the preliminary approval of the settlement by the Court). *See*
5   Settlement Agreement at ¶ 9(b). The Settlement Class Period is from May 4, 2016 through
6   October 3, 2022. *Id*.

7         4.     Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or entities
8   who satisfy the Class definition above are Class Members bound by this Judgment.

9         5.     The Court directed that notice be given to Class Members by mail and electronic
10  mail pursuant to the notice process proposed by the Parties in the Settlement and approved by the
11  Court. (ECF 71). The declaration from Atticus Administration ("Atticus"), attesting to the
12  dissemination of the notice to the Class, demonstrates compliance with this Court's Preliminary
13  Approval Order. The Class Notice advised Class Members of the terms of the settlement; the
14  Final Approval Hearing and their right to appear at such hearing; their rights to object to the
15  settlement; the procedures for exercising such rights; the options for choosing an electronic
16  payment; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

17        6.     The distribution of the notice to the Class constituted the best notice practicable
18  under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure
19  23, the requirements of due process, and any other applicable law.

20        7.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a
21  hearing and based upon all submissions of the Parties and other persons that the Settlement
22  proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the
23  Settlement are the product of arms-length negotiations conducted in good faith and with the
24  assistance of an experienced mediator, Hunter Hughes, III, Esq. There were no objections to the
25  Settlement and approval of the Settlement will result in substantial savings of time, money and
26  effort to the Court and the Parties, and will further the interests of justice.

27        8.     Upon the Final Approval by the Court of the Settlement Agreement, and except as
28  to such rights or claims as may be created by this Agreement, each Participating Class Member

United States District Court
Northern District of California

1  fully releases and discharges Defendants, their present, former, and future parents, subsidiaries,
2  affiliates, predecessors, successors and assigns, and each of their respective past and present
3  members, shareholders, directors, officers, employees, agents, servants, registered representatives,
4  insurers and attorneys (collectively hereafter, the "Released Parties") from any and all claims,
5  debts, liabilities, demands, claims for restitution or injunctive relief, obligations, guarantees, costs,
6  expenses, attorneys' fees, damages, interest, liquidated damages, penalties, loss of wages, actions,
7  causes of action and any other relief (of whatever kind or nature, whether known or unknown) that
8  were asserted in the Action or could have been asserted based on the Factual Predicates, from May
9  4, 2016 through the date of the Final Approval of the settlement by the Court, including but not
10 limited to Claims for violations of California law pertaining to (1) failure to pay wages for all
11 hours worked, (2) failure to pay overtime wages, (3) failure to authorize and provide meal periods,
12 (4) failure to authorize and permit rest periods, (5) failure to timely pay earned wages, (6) failure
13 to furnish accurate wage statements, (7) waiting time penalties, (8) unfair business practices, and
14 (9) PAGA civil penalties to the extent based on the six immediately preceding and identified
15 issues in Subsections (1)-(8).  This release includes but is not limited to claims for violations of
16 California Labor Code §§ 201, 202, 204, 223, 226, 226.7, 510, 512, 558, 1174, 1197, 1197.1,
17 1198, 1199, and § 2698, et seq.; IWC Wage Order No. 5, §§ 3, 4, 9, and 11; California Code of
18 Civil Procedure § 1021.5; California Business & Professions Code § 17200, et seq. (to the extent
19 based on the same protections as provided by each of the statutes listed immediately above) that
20 are or could be based on the Factual Predicates..  Class Members who are not Participating Class
21 Members release claims under PAGA only.  (All together collectively, "Released Claims").  The
22 "Factual Predicates" shall consist of all assertions of fact in any complaint filed by any or all of
23 Plaintiffs against either or both Defendants from May 4, 2020, through the date of Final Approval
24 and all assertions of fact made in any notice to the LWDA from any or all of Plaintiffs regarding
25 either or both Defendants from May 4, 2020, through the date of Final Approval.
26        a.     In order to achieve a full and complete release of the Released Parties as to
27           the release directly above, the Representative Plaintiffs and each Participating Class
28           Member acknowledge that the release directly above is also intended to include in its effect

3

1    all such Released Claims listed above whether or not the Representative Plaintiffs and each

2    Participating Class Member know or suspect them to exist.

3          b.     If any Participating Class Member initiates a new lawsuit against

4    Defendants based on any claim released under this Agreement, and the Court invalidates

5    the release, any recovery by the Participating Class Member shall be offset by the amount,

6    if any, paid to the Participating Class Member in connection with this Settlement.  The

7    language in this Paragraph shall be included in the Notice of Settlement.

8          9.     Claims administrator Atticus Administration is entitled to $31,893, as estimated,

9    for settlement administration to be paid out of the Settlement Fund.  (ECF No. 76, ¶ 16).  If the

10   reasonable costs of administration exceed that estimation, Atticus may ask the Court to award a

11   higher amount.

12          10.    Plaintiffs' motion for an award of attorney fees is GRANTED.  The Court finds

13   that an award exceeding the 25% benchmark is justified, and awards plaintiffs' counsel fees in the

14   amount of 30% of the $3,850,000 Settlement Fund.  Plaintiffs' request for an award of actual costs

15   at $52,546,67 to be paid from the Settlement Fund is GRANTED.

16          11.    Plaintiffs' request for incentive awards for the three names class representatives,

17   Mohammed Rahman (deceased), Alicia Noemi Bautista Diaz, and Pascal Moore is GRANTED.

18   Having considered the contributions of each plaintiff to the litigation – as substantiated by their

19   declarations and declarations of counsel, particularly their extensive assistance in discovery and

20   responses to questions from counsel during the mediation – and given the wage and hour context, I

21   find that an award of $7,500 for each named plaintiff is appropriate.  With respect to the incentive

22   award for plaintiff Mohammed Rahman, plaintiffs' counsel shall notify the client's next of kin of

23   the existence and location of the funds (to be held by the Claims Administrator) so that they can

24   take whatever steps are necessary to establish the appropriate distribution of the funds.  The next

25   of kin may petition this Court for an order releasing the funds from the Claims Administrator. If

26   no efforts have been made to release the funds within a year of the date of this Order, the funds

27   shall be distributed to cy pres.

28          12.    $288,750.00 shall be paid from the Settlement Fund to the California Labor &

Workforce Development Agency for the PAGA claim.

13. Counsel shall adhere to the post-distribution accounting requirements as reflected in the Northern District's Procedural Guidance for Class Action Settlements. In addition to the information contained in the Guidance, the post-distribution accounting must discuss any significant or recurring concerns communicated by class members to the settlement administrator or counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

14. Counsel have not identified the proposed cy pres recipient for any funds leftover at the end of the Claims Administration Process. When submitting the post-distribution accounting, plaintiffs' counsel shall identify the proposed cy pres recipient(s) of any remaining funds from the Settlement Fund for the Court's approval.

15. Good cause appearing, the Court hereby approves the following implementation schedule:

- Effective Date Upon is the latest date of execution by all Parties, Class Counsel, Defendants' counsel, and Final Approval from the Court, following Notice to Class Members and a formal fairness hearing and entry of a final judgment by the Court;
- Deadline for Administrator to make all payments due under the Settlement - Within ten (10) business days of the Payment Date;
- Check-cashing / Digital Payment deadline - 180 days after issuance;
- Deadline for Administrator to either distribute uncashed check funds to cy pres recipient or redistribute such funds - As soon as practicable after check-cashing deadline;
- Deadline for Plaintiffs to file a Post-Distribution Accounting - Within 21 days after the distribution of any remaining monies to Class Members who cashed their Settlement Award check or to the cy pres recipient.

16. The Court hereby dismisses with prejudice the Action, and the Released Parties are hereby released from all further liability for the Released Claims.

17. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all

matters ancillary thereto.

18. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

**IT IS SO ORDERED.**

Dated: February 23, 2023

William H. Orrick
United States District Judge